Nash, J.
 

 The contract proved is different from that declared on. In the former, the warranty, if made, .was qualified by the understanding and express agreement of the parties, that they should do the work. The contract declared on has no such stipulation, but is an unqualified undertaking by the defendant, that, if they should buy, they should make one hundred dollars in ten days. It is not necessary that a contract should be set out in the declaration
 
 in hoc
 
 verbo: a statement substantially correct is sufficient. The promise must, however, be correctly set out, and any substantive variation between the promise laid and that proved will be fatal. When a declaration stated, that the defendant, on the sale of a horse, wari’anted him to be sound, and the proof was of a warranty of soundness every where, except a kick on the leg, the variance was held to be fatal.
 
 Jones
 
 v.
 
 Cowly,
 
 
 *228
 
 4 B. & Cres. 445. So where the declaration stated the warranty to be on the sale of one horse, and the proof showed a sale to the plaintiff of two horses belonging to different persons by the same contract, the Court held the evidence did not support the declaration.
 
 Symonds
 
 v.
 
 Carr,
 
 1 Camp. 261, 1st Arch. N. P. 94-95. For this variance the judgment must be affirmed. If, however, the declaration set out the contract, as it is proved, it would be defective and insufficient to sustain the action, for the want of an averment that the plaintiffs had worked the mine. The defendant’s warranty was a special one, or rather a conditional one ; if they would do the work, that is, the necessary work, they would make the money in ten days. The plaintiffs no where in their declaration aver, that they worked the mine at all ; much less for ten days. All that is said about it is, that the said Joseph Starnes and Salathiel Harris have been put to great charges and expense of their money in and about the working and digging in the said mine, &c. This is not an averment. An averment is a positive statement of facts in opposition to argument or inference. 1
 
 Arch. N. P.
 
 320. There is no statement, as a fact, that they did work the mine, or, if so, that they worked it for ten days or that they worked with hands in sufficient number to make $100 in ten days. We are further of opinion, that his Honor was correct in his charge to the jury. He instructed them, that, if, from the whole conversation, the subject matter, &c., they should come to the conclusion “that the word warrant was used, as a word of high commendation and praise, so as to induce the trade, and not as •importing an undertaking to make good in damages, if •the money was not made in ten days, the defendant would not be liable in this action.” The word warrant, as used by the parties on this occasion, was a fit subject for the consideration of the jury, as a matter of fact; it was a verbal agre&ment in relation to a matter, upon, which
 
 *229
 
 there was room to doubt.
 
 Islay
 
 v.
 
 Stewart,
 
 4 Dev. & Bat. 160. The doubt was greatly increased by a fact proved by the plaintiffs, that, when the defendant urged the plaintiffs to come up in a few days and look at the, mine, one of them replied, that will do no good, the shaft is full of water ; I will have to rely on your honor ; and when they did meet and complete the bargain, no mention was made of any warranty.
 

 Upon the 2d count, the plaintiffs cannot recover. They are still in the possession of the mine, or were at the time the action was brought, as far as the case shows, or if the lease had expired at the time, of the action brought, there is no evidence that they did not enjoy the term they purchased.
 

 Per Curtam.
 

 Judgment affirmed.